## PALERMO ET AL. *v.* VILA.

## APPEAL from the District Court of Ponce.

No. 227.—Decided April 3, 1908.

APPEAL—EXTENSION OF PERIOD WITHIN WHICH TRANSCRIPT OF RECORD MAY BE FILED.—This court cannot grant an extension after the expiration of the period of an extension previously granted.

APPEAL—CONSTRUCTION OF SECTION 50 OF THE RULES OF THIS COURT.—A motion for an extension under section 50 of the rules of this court must show good cause therefor by an affidavit or a stipulation of the parties, but in either case, an order of the court is necessary.

APPEAL—FAILURE OF RESPONDENT TO MOVE FOR THE DISMISSAL OF THE APPEAL.—Where the transcript of the record on appeal is filed after the expiration of the period provided therefor, and the appellant fails to move for the dismissal thereof, but allows a hearing to be held and the arguments of counsel to be made, the appeal will not be dismissed by the court of its own motion.

PROVISIONAL SUPPORT—AMENDED COMPLAINT.—Where an allegation of fact in a complaint is amended, the complaint should be redrawn as amended.

PROVISIONAL SUPPORT—AMOUNT THEREOF.—In cases of this kind no inflexible rule as to the amount can be established, but the amount must depend, as is said in the statute, on the resources of the person providing the same, and the necessities of the person receiving it, and a judgment properly construing this section should be affirmed.

The facts are stated in the opinion.

*Messrs. Boerman and Llorens* for appellant.

*Mr. Parra* for respondent.

MR. JUSTICE MACLEARY delivered the opinion of the court.

We will first notice some of the preliminary matters apparent from the record.

On the 12th of December last this transcript was filed with the Secretary of this court. According to rule 50 of this court the time for filing the transcript would have expired in 30 days after the notice of appeal, which occurred on the 19th of September, which would have been on the 19th day of October, unless extended by an order of the district court or this court. An order was made by the district court extending the time from the 19th of October for 30 days; that is, until the 18th of November. On the last day of that term, a motion

for an extension for time for filing transcript was written, and filed here on the next·day—that is, the 19th of November—which was granted on the 20th of the same month. This court could not grant an extension after the term of the previous delay had expired.

But moreover the agreement of counsel which was made on the 11th of December and presented on the 12th of December to extend the time for filing the transcript until the 13th of same month was never acted on by the court; and without such action had no effect. By rule 50 the court may extend the time for filing the transcript by an order duly made, upon good cause shown by affidavit or by a stipulation of the parties filed with the secretary. This means that the good cause may be shown either by an affidavit or by a stipulation of the parties duly filed. The stipulation is an alternative for an affidavit but the order of court is necessary no matter how good the cause on which it is based is shown.

But moreover the agreement made by counsel on 11th of December and filed on the 12th of December to extend the time of filing transcript until 13th of December having never been acted on by the court, as before stated, had no force. Then the 20 days' extension granted by this court improvidently on the 20th of November expired at the very latest on December 10, and the transcript was not filed until December 12; which was two days too late.

In view of the dates, if a motion had been made by counsel for appellee, or if the attention of this court had been called to this delinquency, before the hearing, the appeal would probably have been dismissed. But as the hearing has been had and the case argued orally, the court will not at this late day, of its own motion, dismiss the appeal for delay.

On March 3, the day of the hearing, a motion was made, based on the agreement of parties, by their attorneys to consolidate this case with case No. 243 between the same parties, and that they be heard together. This motion was granted in

so far as hearing the cases at one and the same time, but the motion to consolidate was refused.

Let us look into the merits of the case. The action was brought by Mrs. Palermo and her minor son against Mr. Vila, the husband and father, for support and maintenance, fixing the amount at $150 per month, $125 for the mother and $25 for the son. The husband and wife had separated.

The complaint alleges that defendant had allowed to the plaintiffs the sum of $40 per month for their support, but that this sum was insufficient, and not in proportion to the means of the defendant, and to the community property of the spouses.

The defendant demurred to the complaint because it did not state facts sufficient to constitute a cause of action. This demurrer was overruled. Of this ruling appellant complains and cites section 216 of the Civil Code to sustain his position. That section reads as follows:

"The amount paid for the support shall be in proportion to the resources of the person providing the same, and in accordance with the necessities of the party receiving it, and shall be reduced or increased in proportion to the resources of the former and the necessities of the latter."

The plaintiffs after the filing of the demurrer, by leave of the court, amended their complaint. This amendment was made by striking out and inserting certain paragraphs. This is a vicious practice. When an amendment is made to any pleading it should be rewritten entirely embodying the amendment, and becoming a substitute for the original document. The amendment does not seem to have been directed towards the points made by the defendant in his demurrer and the faults if they existed still remained after the amendment. But we think the complaint is sufficient, at least in the absence of an exception pointing out more specifically its defects. It did not need to specify more definitely the necessities of the plaintiff nor the resources of the defendant; and there was

no error in the order of the court overruling the demurrer presented by the defendant.

The judgment of the court was that the plaintiff, the wife and mother, should receive from the defendant $75 per month, and the right to occupy the house in her possession free of rent; and that the son during his minority and continued ill health should receive from his father, the defendant, $25 monthly; and reserving the right to either of the parties to make application for a modification of the judgment in case the resources of the defendant should suffer any change from their present state.

Reference is made by the counsel for appellant to the case of *Morales* v. *Rivera* in 2 Dec. P. R., p. 449 *et seq.,* to show that the judgment rendered by the court below is excessive. In cases like the present no inflexible rule, as to the proportion of his income, which a husband or father should pay for the support of his wife and children, can be established; but the amount must depend as is said in the statute, on the "resources of the person providing the same and the necessities of the party receiving it." (Section 216 Civil Code, Rev. Stat. pp. 824 and 825.) The trial court seems to have observed this rule.

From a review of the facts presented we cannot see that this judgment was unreasonable. Considering that the court appears to have carefully inquired into all the facts and based its judgment on a proper construction of the law and the facts we see no reason to disturb the judgment and the same should be affirmed.

*Affirmed.*

Justices Hernández, Figueras and Wolf concurred.

Mr. Chief Justice Quiñones did not take part in the decision of this case.